We're going to be turning to New Falls Corporation v. Soni Holdings. That's 21865. Mr. Meade, am I correct that you've reserved 2 minutes? I apologize, Your Honor. You've reserved 2 minutes? I did, yes. We are ready when you are, sir. Thank you, Your Honor. Good morning, Your Honors. I'm pleased to court Wesley Meade for the defendant appellants. Your Honors, this case is in truth a money damages case in which a... Are you also purporting to appeal from the civil contempt order? Yes, Judge. How do we have jurisdiction? Because it's inextricably intertwined with the Grupo violation which is set forth in the instant injunction. The contempt order that the individuals pay taxes on an LLC. I don't see anything in the statute that provides jurisdiction for interlocutory appeals of civil contempt orders. Your Honor, our position is that because it's so inextricably intertwined, it would fall within 1292. I'm sorry. And on the merits of the... What you're saying is it's really money damages. What was asked for was equitable relief, yes? There was three on the amended complaint, Your Honors. There was three demands for relief. Three of them were money damages. Two of them were for fraudulent conveyance. The injunction which prohibits sale, transfer, et cetera, is directed, among other things, at the claim for equitable relief. And if that's true, Grupo Americana doesn't apply. I understand, Your Honor, that Your Honor may take that position. Our position is that because the equitable relief is, in fact, based upon the judgment, in fact, that's what was stated in the opposition at the appendix 436, that no part of the judgment has been satisfied. We're asking this Court to dissolve the injunction because this is a rather unique situation between Deckert and Grupo in which you have the equitable claims and the legal claims. We think the legal claims predominate. We think because the offer was made to pay the judgment, that puts us in a position back into Grupo because the equitable claims, albeit only two district courts have decided something similar to this, that would be the Corporate Commission Mill Lake's case as well as the Oak Leaf Odors case that's cited in our brief. The real substance of their equitable relief is the money damages. We're asking to pay that. The only way that these defendants can pay that is through this property that's been enjoined since 2019. They want to build up at RICO attorney costs. They want all these less than five cases to proceed, so we can't do that. We're stuck in what Grupo had stated was no authority. The federal courts have no authority to craft a nuclear weapon of law. We believe that's exactly what's happened here because they've taken the only property that we could pay the judgment with, restrained it now for many years without a hearing that Judge Martin had issued to the Grupo defendants without discovery. As you know, Your Honor, part of our argument is that they violated Rule 21 when they amended the complaint to add the RICO cause of action with the other defendants. There's a circuit split on this, Seventh Circuit going one way. In our side, Judge Tomlinson believed that the Washington decision in the Second Circuit ran contrary to our position. It's our position that Harvey Malone aluminum case has never been overruled and that they needed to seek judicial permission in order to do that. They have us stuck in a quandary that we simply can't get out of because they have the property. We believe that Grupo does apply to this situation because the real true relief they want is the money. The money is there, but we can't give it to them because they want to keep restraining the property. That's the substance of our argument, Your Honors. So if you could help me with this. First of all, are there any cases that suggest that we should be modifying an injunction in this? I'll take off my mask. I don't need you to strain. I apologize for that. Are there any cases that suggest that we need to modify an injunction just because you have offered with the relevant judgment? I will say, Judge, that I have looked. I have not found this particular situation. I found quite a bit of cases in what's called the gray area between Deckert and Grupo. But no, no one's ever done this. And when I took the case, when I realized that they had not made the offer to prior counsel, that's what I did in this motion. I made the offer. Because I believe a true reading of Grupo, like the courts, the Minnesota Court and Corporate Commission and Oak Leaf from Illinois, had- The Grupo is a little bit hard, though, because it's about whether or not it's appropriate to enter an injunction. In this case, we're trying to talk about whether or not an injunction can be modified after a district court that we- that was there and heard all these arguments decided otherwise, right? Should any injunction continue when there's no longer irreparable harm at all? Because we've offered the money. We're stuck in this case. We may be stuck for years in this case because of this injunction. We want out. We want them to be paid. We've offered all we can. And there's simply nothing else we can do except come to this court and ask for the review. Now, there's also issues of- we believe that the- there was an error on the district court when they reviewed the objections. It should have been De Novo Review under our second objection because we do- we did intertwine the 265- $265,000 offer with the Grupo analogy, which was not before Judge Spad earlier. That was something that was new. And she applied- the district court judge applied a clear error rather than De Novo. We haven't received a hearing. We haven't received, as Your Honor sees, there's Rule 26A. Nothing was provided for two and a half years in this case. But the litigation would continue, though, right? Because we still have the fraudulent conveyance. Like, even if we gave you what you wanted here, which, you know, the fraudulent conveyance claim would still be live, right? So you'd still be tied up in litigation. It would still be moving. But the RICO claim, okay, which they're seeking all these damages for to collect on the cost, wouldn't necessarily keep accruing because the judgment has been paid. Traditional equity would not continue in this junction. It's based upon money damage. When the money has been protected, and I'm quoting from the U.S. v. Ramon oncology case, is a remedy in equity remains justified only when legal remedies are inadequate. I don't see the difference, Judge, in the legal remedies being adequate when the legal remedy, what they're asking for, is being offered. We're offering to pay them, get us out of the injunction so they can't build up costs continuously. Five litigations. They can't afford it anymore. Thank you, Your Honor. Thank you. We'll see you in a moment. Thank you. Good morning, Your Honor. Steven Giordano from Block & Associates on behalf of the appellee, New Falls Corporation. May it please the court, I think what we have to focus in here is the pleadings and what the purpose of the pleadings are, what the causes of action are, what the relief sort is, and Justice Rakoff, you were correct. There are two fraudulent conveyances actually that are sought to be reversed. One is the one where we have the preliminary injunction against this Newark property. Another one is a Florida property seeking to reverse, vacate, and void those two fraudulent conveyances. Now, unfortunately, we've skipped over a couple of steps when discussing this because the issue on appeal here is whether or not there was abuse of discretion when the court denied the reconsideration motion. And the reconsideration motion should have never been brought. In fact, there was no timely motion to reconsider pursuant to the local rules within 14 days. They waited four months, and then they filed a Rule 60B motion claiming that plaintiff committed fraud when it obtained its judgment. Obviously, that was not true. We submitted clear evidence to refute that there was no fraud. There was no evidence to support there was any fraud. In fact, the only thing that was submitted was counsel's interpretation of documents which didn't belong to him. They were from Regents Bank. So to try to get over the hurdle to get his motion for reconsideration of the preliminary injunction order by Judge Statt heard, they decided to use this vehicle, Rule 60B. The court still considered his motion. They actually considered it under Rule 54. They went through the facts. They determined that there was no fraud, that everything was exactly what plaintiff said. The judgment was in the correct amount. And then they turned to brand new arguments that were raised in this secondary motion. They were not raised in the original preliminary injunction order. In fact, as this court is aware, they filed an appeal of that original order by Judge Statt. And that appeal was dismissed with prejudice. The preliminary injunction order dismissed with prejudice. The new motion for reconsideration, facetiously brought under Rule 60B as a fraud claim, really should have never been heard by the court. But the court still went through it on the merits. The court still decided that even though it was an un- Do you mind speaking to what the injunction protects at this point, given the offer? Well, of course, let's address what the offer is to Your Honor. First and foremost, obviously, our cause of action is to reverse the fraudulent events and vacate those fraudulent. That's equitable relief. The offer is to put $265,000 and deposit it with the court. We already have a judgment for that money. That was the- Oh, you already have a- That was the amount of the arbitral award. That was the offer, was to deposit it, I guess, to be held in escrow or with the court. So they never offered to just pay? No, they haven't. And not only that, what we're skipping here, and this is very important, is that our complaint has claims under Debtor-Creditor Law 276 for reversal of those fraudulent conveyances, the two of them. Now, Debtor-Creditor Law 276 is for actual fraud with intent to commit fraud, and it's fraudulent as to present creditors, like my client, and future creditors. So that ruling here on those causes of action are not going to be fixed by him depositing money with the court or an escrow of $265,000. And, of course, what we're not considering here also is that the underlying note in this, which we got our judgment on, provides for all of the attorney's fees for the enforcement and collection of the amount of the debt. So even though- Assuming- There's an addition to the- That's a separate proceeding, Judge Rakoff, so that we're skipping steps here because he wants to make it out to be we really just want money. But in this action, it's a mixed case. Assuming we agree with you that the injunction should stand, do we have jurisdiction to even address then the civil contempt order? I would think not, Your Honor. There's no case law which provides for that. And even though it is related, I believe there is certainly no jurisdiction for that. We addressed it in our papers. However, I was always raised in a school of thought of if the court orders you to do something, even if you disagree with it, you should do it. So that's civil contempt order. And your remedy is an appeal from the final judgment. It's not an interlocutory appeal. It's not available for an interlocutory appeal. It would have to be an appeal from the final judgment. In any case at all, the contempt order was to protect its own preliminary injunction, which is not appealable. You were talking about attorney's fees. You received an award of $8,000 from the arbitrator for attorney's fees. But you say that doesn't cover all the fees since. Justice Pooler, yes, exactly. So with regard to our attorney's fees on fraudulent conveyances, we'd be entitled to attorney's fees. But not only that, but if in fact this court actually reverses the fraudulent, or the district court reverses the fraudulent conveyances, two of them, then we have to execute on them. And with regard to that proceeding, we would be entitled to our attorney's fees there as well. So this has been what is truly an attempt to make this a war of attrition. We've been fighting to get this money for the last six years. There have been no less than- You don't care which property is sold to get you the money, correct? You just don't want it sold. I don't want either one of them, but we brought the motion for preliminary injunction on the Newark property because it had the most value. And because they were also trying to make further attempts to reconvey it to another company as soon as they knew that we knew about the property. Which is why when we filed this action, we simultaneously filed the motion for a preliminary injunction to protect our causes of action. Because otherwise, as the district court held by Judge Spat, Magistrate Judge Tomlinson, Judge Feuerstein, in four different decisions and reports and recommendations, there would be irreparable harm. Because the causes of action, which is before this court, is for equitable relief. And there's a direct nexus between the equitable relief and the preliminary injunction. If the preliminary injunction goes away, they win. They can actually go and take off with that money. Now, there should be some inquiry as to what is really going on here. And the person who's running the show here is one of the appellants, Ohm Sony. He's a multi, multimillionaire. This has been sport for him over the last six years. He's on his eighth attorney representing him in these matters. This is something that will go on forever unless we can actually get the property and then sell the property in another proceeding and then try to recoup our damages here in this matter. And we're talking about fraud. This is fraudulent conveyances. This is not something that should be taken lightly. The court went through the likelihood of success. Not even an issue. Because there is an extremely high likelihood of success here. It's documentary. They sold the property from the judgment debtor to another company that's run by the judgment debtors. They sold it for no consideration. They continue to maintain the use and enjoyment of that property. It's a commercial property. They've collected money. They created bank accounts. They have leases in the name of the judgment debtor all along. All the while, they're indebted to my client. And God knows how many other creditors. This is something that they do. This is something that will go on. The court can't, you know, permit this to go on any further. Obviously, the original preliminary injunction order was already, the appeal of which was already dismissed with prejudice. There was no abuse of discretion by the multiple judges who reviewed this thing. There's no clear error in any of the facts. There's no clear error in the law. This comports with Group O. It's not to say that Group O doesn't apply, but this comports with Group O because we're talking about equitable relief. It's directly in the complaint. Not what the appellants want to mischaracterize and say, well, they really just want money. That's the whole thing. And because we're going to put money in a bank account, that should suffice. That's not the case. Your point is that whatever they may say in that regard is not what you asked for in your complaint. Certainly. Absolutely, Judge Rakoff. So in this instance, obviously, for the reasons that I've set forth and I've already detailed in our appellee's brief, I think that the preliminary injunction should stand, that it should be continued. Very briefly on the issue of whether or not the amount of the bond should be raised, they've never demonstrated that there would be any damages resulting from the original TRO. Certainly, they've maintained the property. They haven't been damaged by the preliminary injunction. They've never demonstrated that they've lost buyers or they can't sell the property after this action is completed. There's really been nothing on their side but conjecture and a very lengthy case that just will go on for a very long time unless we're able to actually successfully achieve the results we're looking for in the amended complaint. Thank you, Your Honors. Thank you. Thank you, Your Honors. Just to address a couple of the issues. One is I believe the court can craft any remedy that it chooses with respect to the modification. Although the request was to place the money in a court-ordered account, the court could simply order that we pay from the sale plaintiff directly. There's nothing that prevents that. I believe what I heard from the argument is that plaintiff seeks to protect the money not just for the judgment, but he's mentioning attorney's fees and other things which we have never gotten notice of because we didn't get any Rule 26. He wants to protect the money for a future judgment, which is directly what Grupo says you can't do. And it doesn't make a difference whether you're saying it from the fraudulent conveyance perspective or from the legal remedies perspective. When all you're doing is restraining property in the hope that you can fulfill the judgment, you don't get jurisdiction to do that. The district court does not have jurisdiction to do that. And that's what certain cases have found with respect to other equitable remedies that they didn't have. A broader reading of Grupo is when the true goal is money damages. That's what they're really asking for. Is your appeal really of the injunction or is it of the denial of the motion for reconsideration? It's for both, Judge. Why is it for both? Well, Judge, the denial of the motion for reconsideration was based in part on the Grupo analysis that we provided to the judge. In the context of the offer to have the money placed in an account, the 265 was all we had at that point because we don't have any of their other damages. So we did all we could. Albeit, yes, Judge, we could have said pay the judgment, pay the amount directly to them. We certainly have no problem with that at this point. I spoke with my clients. So that's not, it's a non-issue. They want to make it an issue. You define that for whatever reason, because we're not bound by the reasons given by the district court, that the motion for reconsideration was rightly denied, say, because it was untimely, for example. Isn't that the end of the case? And your appeal? I don't believe so, Judge, because what's clear before this court is a violation of precedent. And the precedent establishes that you cannot issue, the federal courts have no jurisdiction to issue an injunction or continue an injunction which is in violation of Grupo's analysis when the true goal is money damages. I've heard, just hearing that argument, the true goal is money damages. He wants to sell the property for money, to collect on a future judgment. That's all they want. We're saying let's bypass that and give you your money. Let us sell the property under anything this court crafts. Aren't they entitled to the cost of defending this particular action and all the other litigation? Aren't they entitled to their attorney's fees for this particular action and all the other actions you brought? If they were actually necessary in order to do that, what they've done, I believe after December 15, 2019 when the money was offered, and what's before this court is that did your clients pay the arbitral award? No, they did not. Okay, so then these were necessary, extra litigation. Why didn't your clients pay the arbitral award? Well, Judge, there was an issue whether or not they were the true owner of the debt. Judge Foyerson issued an order in the 6805 case specifically asking for, requiring a hearing as to the propriety of their assignment. Didn't you bring that before the arbitrator? No, that was something that occurred afterwards in the 6805. They didn't know that they were the true owners of the debt in the arbitration? It didn't come up in the arbitration? No, the arbitration was on default. I wasn't involved in that portion. It was on default back in Alabama. No, because you were one of the how many lawyers have they hired in this case? Well, I'm the first one that had any RICO experience, and I could see what they were doing is actually just trying to collect, keep us trapped in the injunction so they can continuously, and this, like you said, it could go on for years, and we may end up owing tons of money because we can't get out. We can't get a trial. We can't get, we can't, this case is restrained by motion practice, so I can't file a motion on the case. I actually moved for a 12C motion just recently before Judge Kuntz. I was denied, and we are all CLC, and we're getting the same transcript that this case is not going before a jury. So whatever it is, we're trapped. This injunction is trapped. We want to now get out and pay them. We can't with this injunction, and that's, I think it violates group O. I think you have jurisdiction because it violates group O, and I think the decisions, the Minnesota decision and the Oak Leafs were rightly decided. Thank you. Thank you. I think we're okay. Okay, good. Thank you very much. I appreciate it.